UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOSEPH BILOTTA and ROSINA BILOTTA,        08  CV 02939

               Plaintiff,

-against-                                                **NOTICE OF**
                                    **REMOVAL AND**
PACIFIC INDEMNITY COMPANY,                               **PETITION FOR**
                                    **REMOVAL**
             Defendant- Petitioner.

MAR 2 0 2008
-----------------------------------------------------------------X

### TO THE HONORABLE JUDGES OF THE UNITED STATES
### DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

    The defendant-petitioner, Pacific Indemnity Company by its undersigned attorneys,

Rosner Nocera & Ragone, LLP, respectfully petitions this Court, pursuant to 28 U.S.C.A. §

1441, as follows:

    1. On or about February 11, 2008, the above captioned action was commenced and is now

pending in the Supreme Court of the State of New York, Westchester County, under Index No.

08-03102 (the "Action"). A trial has not yet been had herein. Copies of the Summons and

Complaint, which were served on defendant-petitioner in New Jersey on February 20, 2008, are

annexed hereto as Exhibit "1". Defendant-petitioner has not yet served a pleading responsive to

plaintiff's Complaint and its time to do so has not elapsed. No further proceedings have taken

place in the state court action.

    2. The Action involves a controversy between citizens of different states, in that: (a) the

Complaint filed by plaintiffs (i.e., Exhibit "1") in the New York State Supreme Court, County of

Westchester, alleges that plaintiffs Joseph Bilotta and Rosina Bilotta are both citizens of the State

of New York, and (b) defendant-petitioner Pacific Indemnity Company is now and was at the

To:    Baxter Smith Tassan & Shapiro P.C.
       Attorneys for Plaintiffs
       99 North Broadway
       Hicksville, NY 11801

cs.bilotta.Removal
3/08

4

time the action was commenced, an insurance company incorporated in the State of Wisconsin and maintains its principal place of business in the State of New Jersey.

3. The Action is one in which the District Courts of the United States have original jurisdiction under 28 U.S.C. Section 1332. There is complete diversity of citizenship between defendant-petitioner and plaintiffs. In addition, as explained below, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Plaintiffs' Complaint alleges that plaintiffs were insured by an insurance policy issued by defendant-petitioner, and that plaintiffs are entitled to coverage as the result of water damage which occurred to their residence premises on or about March 2, 2007.

5. The plaintiffs' Complaint (i.e. Exhibit "1") in the Action, alleges unliquidated monetary damages as follows: "plaintiffs have sustained damages in an amount that exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction." Id. The Complaint also purports to assert a cause of action seeking treble damages allegedly arising out an alleged bad faith denial of the insurance claim by petitioner-defendant.

6. Prior to the commencement of this Action, plaintiffs had submitted a claim to defendant-petitioner under a policy of insurance issued by defendant-petitioner to plaintiffs, asserting extensive water damage to their residence premises, the undermining of the foundation of their residence premises, as well as alleged mold related damages. Plaintiffs' insurance claim sought an amount in excess of $200,000. Plaintiffs' present litigation seeks to recover upon that very same claim, and as a result the amount in controversy herein exceeds $75,000, exclusive of interest and costs.

2

7. This Notice of Removal is being filed within thirty (30) days after receipt by defendant-petitioner of a copy of plaintiffs' Complaint by service or otherwise, as required by 28 U.S.C.A. § 1446 (b).

8. Written notice of the filing of this Notice of Removal will be given to plaintiffs' counsel promptly after the filing of this Notice.

9. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Westchester, promptly after filing of this Notice.

10. Attached to this Notice of Removal, and by reference made part hereof, are true and correct copies of all process and pleadings in this Action, consisting of plaintiffs' Complaint.

11. By filing this Notice of Removal, defendant-petitioner does not waive any defenses which may be available to it.

WHEREFORE, Defendant-petitioner prays that the above-captioned Action now pending in the Supreme Court in the State of New York, County of Westchester, be removed therefrom to this Court.

Dated:  New York, New York
        March 20, 2008

ROSNER NOCERA & RAGONE

By: _____
        John A. Nocera (JAN-3399)
        John P. Foudy (JPF-7322)
        Attorneys for Defendant/Petitioner
        110 Wall Street, 23rd Floor
        New York, NY 10005
        (212) 635-2244

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------X

JOSEPH BILOTTA and ROSINA BILOTTA,

                        Plaintiffs,

        -against-

PACIFIC INDEMNITY COMPANY,

                        Defendant,

----------------------------------------X

RECEIVED BY

FEB 2 0 2008

HOME OFFICE CLAIMS

Index No.: *2 -11-08*
              *08 -03/02*

File No:14313DJLTN

**SUMMONS**

**Date Purchased:**

Plaintiffs designate
Westchester County
as the place of
trial.

The basis of venue
is:
Plaintiffs'
Residence:
326 West Street
Harrison, New York

## To the above named Defendant(s)

        **You are hereby summoned** to answer the
complaint in this action, and to serve a copy of your
answer, on the plaintiffs' attorney(s) within twenty
days after the service of this summons exclusive of the
day of service, where service is made by delivery upon
you personally within the state, or within 30 days after
completion of service where service is made in any other
manner.  In case of your failure to appear or answer,
judgment will be taken against you by default for the
relief demanded in the complaint.

Dated:      Hicksville, New York
            January 29, 2008

            Yours etc.

            BAXTER SMITH TASSAN & SHAPRIO, P.C.
            By:
            Louis B. Tassan
            Attorneys for Plaintiffs
            99 North Broadway
            Hicksville, New York 11801
            (516) 997-7330
            Our File No.:14313DJLTN

```
TO:   PACIFIC INDEMNITY COMPANY
      15 Mountain View Road
      Warren, New Jersey 07061-1615
```

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------X
JOSEPH BILOTTA and ROSINA BILOTTA,        Index No.:

                    Plaintiffs,
            - against -                    **VERIFIED**
                                          **COMPLAINT**

PACIFIC INDEMNITY COMPANY,

                    Defendant.
--------------------------------------X

    Plaintiffs, JOSEPH BILOTTA and ROSINA BILOTTA, by

their attorneys BAXTER SMITH TASSAN & SHAPIRO, P.C.,

as and for their complaint, on knowledge as to their

own acts and status, and on information and belief as

to the acts and status of others, allege as follows:

    1.    That at all times hereinafter mentioned,

JOSEPH BILOTTA and ROSINA BILOTTA were and still are

the owners of the residential premises, known as 326

West Street, Harrison, County of Westchester, State of

New York (hereinafter "the Subject Premises").

    2.    That at all times hereinafter mentioned,

defendant PACIFIC INDEMNITY COMPANY is a domestic

corporation authorized to do business and doing

business in the State of New York.

    3.    That at all times hereinafter mentioned,

defendant PACIFIC INDEMNITY COMPANY is a foreign

corporation authorized to do business and is doing business in the State of New York.

4.    That at all time hereinafter mentioned, defendant PACIFIC INDEMNITY COMPANY is an insurance company authorized to do business and is doing business in the State of New York.

5.    That at all times hereinafter mentioned, defendant PACIFIC INDEMNITY COMPANY issued a policy of insurance to plaintiffs for the Subject Premises, known as New York Masterpiece Homeowner's policy, with a policy number of 100328664-01, which policy was in effect from August 8, 2006 to August 8, 2007 (hereinafter "insurance policy").

6.    Pursuant to the "Surface Water Exclusion" found in the insurance policy, Pacific Indemnity Company does not cover loss caused by:

- flood, surface water, waves, tidal water, overflow of water from a body of water, or water borne materials from any of these, including when any of the above enters and backs up or discharges from or overflows from any sewers or drains located outside of or on the exterior of a fully enclosed structure;
- run off of water or water borne material from a paved surface, driveway, walkway, patio, or other similar surface; or
- spray from any of these, from any source, even if driven by wind. But we do insure ensuing covered loss unless another exclusion applies.

7.    Pursuant to the ground water exclusion in the policy, Pacific Indemnity Company does not cover loss caused by "water or water borne material, or by its pressure, leakage or seepage. But we do ensure ensuing coverage loss unless another exclusion applies."

8.    That on or about March 2, 2007, a 15" storm water pipe owned by the Town and Village of Harrison, located outside and running under home foundation and garage of the Subject Premises was improperly designed, engineered, manufactured, installed, repaired and maintained, burst, broke, cracked and otherwise failed, causing large amounts of water to enter into the premises, thereby causing extensive damage to the interior, structure and foundation of the premises, as well as the loss of and damage to various fixtures and items of personal property which were located on the premises belonging to plaintiffs at the time.

9.    That in addition to the aforesaid damage, the infiltration of water into the Subject Premises caused mold to develop to such a degree that it is and, at all times hereinafter mentioned, was unhealthy

and unsafe for plaintiffs to reside and continue to reside in the premises.

10. That as a result of the damage caused to the Subject Premises, plaintiffs were and, in the future, will be required, to retain the services of contractors and various other professionals to, among other things, assess, and remediate the premises, including those areas damaged by water and other areas required pursuant to the mold remediation.

11. That plaintiffs presented the claim for said damages by means of a timely notice to the defendant, its employees, agents and/or representatives with regard to the loss that occurred on or about March 2, 2007. Annexed hereto as Exhibit "A" is the Property Loss Notice dated 3/2/07.

12. That thereafter, defendant, through Chubb Group Insurance Companies Claims Service Center (hereinafter, "Chubb"), issued a letter dated March 21, 2007, denying coverage for plaintiffs' property damage.

13. That in its letter dated March 21, 2007, Chubb denied coverage relying on the Surface Water and Ground Water exclusions contained in the insurance policy.

14. That by letter dated April 13, 2007, plaintiffs' insurance broker, Allied North America (hereinafter, "Allied"), advised Chubb that the surface water and ground water exclusions contained in the insurance policy were not applicable to the loss and, therefore, requested Chubb rescind the disclaimer and adjust the claim as soon as possible.

15. That John S. Kellett, Senior Property Claims Adjuster for Chubb, advised Robert Heinimann of Allied by e-mail dated May 4, 2007, that under the surface water exclusion in the plaintiffs' insurance policy, there would be no available coverage for plaintiffs' property damage loss.

16. That by e-mail dated May 10, 2007 to John S. Kellett, Senior Property Claims Adjuster for Chubb, Robert Heinimann of Allied advised that the water damage to the plaintiffs' premises was caused by an aged underground pipe belonging to the Town of Harrison that was improperly designed, engineered, manufactured, installed, repaired and maintained burst, broke, cracked and otherwise failed, and that the damage would not otherwise have occurred.

17. That Mr. Heinimann advised Mr. Kellett that the damage in this instance was caused solely and

wholly by the defective underground pipe and not caused by the back-up or overflow of the drain and therefore, the surface water exclusion was not applicable.

18. That in his e-mail of May 10, 2007, Robert Heinimann further requested Chubb to immediately reverse the company's coverage position and adjust the claim under the insurance policy.

19. That Jordan Beverly, Senior Property Claims Adjustor from Chubb issued a letter to Allied dated May 17, 2007, stating that the plaintiffs' damage was excluded from coverage under the surface water and ground water exclusions in plaintiffs' insurance policy.

20. That in June 2007, plaintiffs' counsel spoke with John S. Kellett, requesting a reversal of defendant's disclaimer of coverage.

21. That thereafter, plaintiffs' counsel sent a letter dated June 27, 2007, to Mr. Kellett, advising that the plaintiffs' water damage occurred as a result of the failure of an improperly designed, engineered, manufactured, installed, repaired and maintained pipe that burst, broke, cracked and otherwise failed, owned by the Town of Harrison.

22.  That in the letter of June 27, 2007, plaintiffs' counsel advised Chubb that the exclusions relied upon by Chubb to deny coverage did not apply to a cracked underground town pipe as the damage did not occur from natural causes such as floods, tidal waves or seeping ground water, as contemplated in the surface and ground water exclusions in the plaintiffs' insurance policy.

23.  That in said letter of June 27, 2007, plaintiffs' counsel requested that Chubb issue an immediate reversal of the company's disclaimer of coverage for the loss sustained by plaintiff.

24.  That thereafter, plaintiffs' counsel had four telephone conferences in July and August with Mr. Kellett wherein Mr. Kellett represented that he would confer with counsel and advise of defendant's response to plaintiffs' request that defendant rescind its denial of coverage.

25.  That as Mr. Kellett did not contact plaintiffs' counsel to advise of defendant's decision as to coverage for plaintiffs' claim, plaintiffs' counsel sent an e-mail to Mr. Kellett on September 6, 2007 to inquire as to defendant's determination on rescinding its denial of coverage.

26. That thereafter, Mr. Kellett advised via telephone that Chubb would not rescind its denial of coverage.

27. That defendant failed to comply with the terms and conditions of its insurance contract with the plaintiffs.

28. That defendant failed to promptly and expeditiously provide plaintiffs with the insurance benefits to which they are entitled under the terms of the policy of insurance between the plaintiffs and defendant.

29. That as a result of the actions of defendant, plaintiffs have had to endure sub-standard living conditions, suffer further damage to and erosion of property, become and remain exposed to toxins and were forced to expend considerable sums without receiving prompt or adequate reimbursement as required under the terms of its policy of insurance.

30. That as a result of the actions of the defendant, plaintiffs have sustained damages in an amount that exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

31. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "16" hereinabove with the same force and effect as if set forth here at in length.

32. That defendant has acted in bad faith in its review, analysis and adjustment of plaintiffs' insurance claim.

33. That defendant was provided with notice of its bad faith and failed to correct its conduct.

34. That as a result of the bad faith of the defendant, plaintiffs are entitled to treble damages.

WHEREFORE, the plaintiffs demand judgment against the defendant as follows: (1) as and for the first cause of action, an award for damages in an amount in excess of the jurisdictional limits of all lower courts; (2) as and for the second cause of action, an award for treble damages; (3) for interest, costs and disbursements of this action; and (4) for such other and further relief as this Court deems just and proper.

Dated:     Hicksville, New York
           January 28, 2008

                         Louis S. Tassan

STATE OF NEW YORK   )
                        ) ss:
COUNTY OF NASSAU    )

JAN 2 5 2008

JOSEPH BILOTTA, being duly sworn, says: I am the plaintiff in the within action; I have read the foregoing SUMMONS and VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
JOSEPH BILOTTA

Sworn to before me this
21 day of January, 2008

_____
NOTARY PUBLIC

Our File No.: 14313DJLTN

PATRICIA A. CONDON
Notary Public, State of New York
No. 01CO4974019
Qualified in Westchester County
Commission Expires November 5,

PATRICIA A. CONDON
Notary Public, State of New York
No. 01CO4974019
Qualified in Westchester County
Commission Expires November 5, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                                           Index #:
---------------------------------------------------------------------X
JOSEPH BILOTTA and ROSINA BILOTTA,

                                   Plaintiffs,


    -   against –


PACIFIC IMDEMNITY COMPANY,

                                   Defendant.

---------------------------------------------------------------------X

---------------------------------------------------------------------X

## SUMMONS and COMPLAINT

---------------------------------------------------------------------X

**BAXTER SMITH TASSAN & SHAPIRO, P.C.**
**Attorneys for Plaintiffs**
**99 North Broadway**
**Hicksville, New York 11801**
**516-997-7330**