UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEPH BILOTTA and ROSINA BILOTTA,

                     Plaintiffs,

      -against-                                      **ANSWER**

PACIFIC INDEMNITY COMPANY,            Civil Action No. 08 CIV 02939
                                                         (KMK)
                    Defendants.
---------------------------------------------------------X

      Defendant Pacific Indemnity Company ("Pacific"), by its attorneys, Rosner Nocera & Ragone, LLP as and for its Answer to the plaintiffs' Complaint, respectfully states, as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except admits upon information and belief that plaintiffs are New York residents.

      2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that Pacific is authorized to do business in the State of New York.

      3.     Admits the allegations contained in paragraph "3" of the Complaint and avers that defendant Pacific is an insurance company organized under the laws of the State of Wisconsin, with its principal place of business in the State of New Jersey.

      4.     Admits the allegations contained in paragraph "4" of the Complaint and avers that defendant Pacific is an insurance company organized under the laws of the State of Wisconsin with its principal place of business in the State of New Jersey.

5.  With respect to the allegations set forth in paragraph "5" of the Complaint, Pacific admits that on or about August 8, 2006, Pacific issued its policy number 100328664-01 to plaintiffs with respect to the location listed therein as 326 West Street, Harrison, New York, and respectfully refers the Court to such policy for all of its terms, conditions, limitations and exclusions (hereinafter "the Policy.").

6.  Admits that the Surface Water Exclusion, as partially quoted in paragraph "6" of the Complaint, is part of the Policy and avers that the Surface Water Exclusion operates to exclude coverage for plaintiffs' claims herein, and respectfully refers the Court to the entire Policy for all of the Policy's terms, conditions, limitations and exclusions.

7.  Admits that the Surface Water Exclusion, as partially quoted in paragraph "7" of the Complaint, is part of the Policy, and avers that the Surface Water Exclusion operates to exclude coverage for plaintiffs' claims herein, and respectfully refers the Court to the entire Policy for all of the Policy's terms, conditions, limitations and exclusions.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint, except admits upon information and belief that any damage to plaintiffs' residence was caused by the discharge of surface water from the Town of Harrison's storm drain which was located outside of the plaintiffs' home and was not a part of the plaintiffs' home.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Admits the allegations contained in paragraph "11" of the Complaint, to the extent that plaintiffs notified Pacific of a claim on or about March 2, 2007, and respectfully refers the Court to the document referred to therein for its full content and import, but denies that the claimed loss by plaintiffs constitutes a covered loss under the terms, conditions, limitations and exclusions of the Policy.

12. Admits the allegation contained in paragraph "12" of the Complaint, to the extent that Pacific promptly advised plaintiffs that no coverage was afforded under the Policy for plaintiffs' claim of March 2, 2007, and respectfully refers the Court to the letter referenced in such paragraph for its full content.

13. Admits the allegation contained in paragraph "13" of the Complaint, to the extent that any claimed loss by plaintiffs was not a covered loss pursuant to the terms, conditions, limitations and exclusions of the Policy referenced in and sued upon in the Complaint, denies the remaining allegations in said paragraph, and respectfully refers the Court to the letter referenced therein for its full content.

14. Admits the allegations contained in paragraph "14" of the Complaint, to the extent that plaintiffs' insurance broker sent such a letter, denies the truth of the

matters asserted in such letter, and respectfully refers the Court to such letter for its full content.

15.     Admits the allegation contained in paragraph "15" of the Complaint, to the extent that Pacific advised plaintiffs' representative that the occurrence and damages claimed by plaintiffs were excluded from coverage under the Policy, denies all remaining allegations, and respectfully refers the Court to the e-mail referenced in such paragraph for its full content.

16.     Admits the allegations contained in paragraph "16" of the Complaint, to the extent that plaintiffs' insurance broker issued such an e-mail, denies the truth of the matters asserted therein, and respectfully refers the Court to such e-mail for its full content.

17.     Admits the allegations contained in paragraph "17" of the Complaint to the extent that plaintiffs' insurance broker issued such an e-mail, denies the truth of the matters asserted therein, and respectfully refers the Court to such e-mail for its full content.

18.     Admits the allegations contained in paragraph "18" of the Complaint to the extent that plaintiffs' insurance broker issued such an e-mail, denies the truth of the matters asserted therein and respectfully refers the Court to such e-mail for its full content.

19.     Admits the allegations contained in paragraph "19" of the Complaint, to

the extent that such a letter was sent, denies all remaining allegations, and respectfully refers the Court to the letter referenced therein for its full content.

20. Admits the allegations contained in paragraph "20" of the Complaint.

21. Admits the allegations contained in paragraph "21" of the Complaint, to the extent that plaintiffs' counsel issued a letter to Pacific, denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in such letter, excepts admits that Pacific obtained an engineer's report as to the cause of the alleged loss involving the storm drain, and respectfully refers the Court to such documents for their full content.

22. Admits the allegations contained in paragraph "22" of the Complaint, to the extent that plaintiffs' counsel issued a letter to Pacific, denies the truth of the matters asserted in such letter, and respectfully refers the Court to such letter for its full content.

23. Admits the allegations contained in paragraph "23" of the Complaint, to the extent that plaintiffs' counsel issued a letter to Pacific, denies the truth of the matters asserted in such letter, and respectfully refers the Court to such letter for its content.

24. Denies the truth of the allegations set forth in paragraph "24" of the Complaint, except admits that there were telephone discussions between plaintiffs' counsel and Pacific's representative in July and August 2007.

25. Denies the truth of the allegations set forth in paragraph "25" of the Complaint, except admits that plaintiffs' counsel issued such an e-mail to Pacific, and

respectfully refers the Court to such e-mail for its content.

26. Admits the allegations contained in paragraph "26" of the Complaint to the extent that plaintiffs' counsel was advised that Pacific maintained its previously stated position that no coverage was provided by the Policy sued upon for the loss alleged to have been sustained by plaintiffs.

27. Denies each and every allegation set forth in paragraph "27" of the Complaint.

28. Denies each and every allegation set forth in paragraph "28" of the Complaint and avers that the Policy does not provide coverage for plaintiffs' claim.

29. Denies each and every allegation set forth in paragraph "29" of the Complaint, and avers that the Policy does not provide coverage for plaintiffs' claim.

30. Denies each and every allegation set forth in paragraph "30" of the Complaint, except admits that plaintiffs have claimed damages in such amount.

## AS TO THE SECOND CAUSE OF ACTION

31. Repeats, reiterates and realleges each and every response contained in this Answer to paragraphs "1" through "30" of the Complaint as if set forth at length herein.

32. Denies each and every allegation set forth in paragraphs "32," "33," and "34" of the Complaint, and specifically denies that Pacific acted in bad faith as alleged. Pacific avers that at all times it acted properly and in good faith during its review, handling and analysis of plaintiffs' insurance claim, including, without limitation,

promptly responding to the notice of claim and inspecting the claim site, promptly advising plaintiffs of coverage issues and of Pacific's coverage position under the Policy, agreeing to reconsider plaintiffs' claim upon receipt of additional information, retaining an engineering consultant for such purpose and obtaining an engineer's report as to the cause of the loss, and providing plaintiffs with a detailed written explanation of Pacific's coverage position.

## AFFIRMATIVE DEFENSES

Defendant Pacific, without assuming or altering plaintiffs' burden of proof on any claims or matters for which plaintiffs bear such burden, alleges for its affirmative defenses as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33.    Plaintiffs' complaint and each claim and cause of action asserted therein, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34.    The Policy of insurance referred to and sued upon in the complaint contains the following provisions under "Exclusions", applicable to all relevant coverages claimed by plaintiffs:

> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.

35.    The Policy of insurance referred to and sued upon in the Complaint contains the following Exclusion:

> **Surface water.** We do not cover any loss caused by:
>
> - flood, surface water, waves, tidal water, overflow of water from a body of water, or water borne material from any of these, including when any of the above enters and backs up or discharges from or overflows from any sewer or drain located outside of or on the exterior of a fully enclosed structure;
>
> - run off of water borne material from a paved surface, driveway, walkway, patio, or other similar surface; or

36. Upon information and belief, any damages claimed by plaintiffs were caused by the discharge of surface water from a storm drain, which surface water had entered said storm drain as a result of rain and a rainstorm occurring on or about March 2, 2007.

37. Upon information and belief, the storm drain, from which the surface water discharged, was located outside of and entirely separate from the plaintiffs' home, and ran underground in the vicinity of the plaintiffs' residence, to its point of discharge into the Mamaroneck River.

38. Upon information and belief, based upon an engineer's report obtained by Pacific, the damages claimed by plaintiffs resulted from surface water entering and discharging from a storm drain located outside of the plaintiffs' residence, within the meaning of those terms as used in the Policy's Surface Water Exclusion.

39. As a result, the damages claimed by plaintiffs in the Complaint, and each and every cause of action asserted therein is barred, as plaintiffs' claim is excluded from

coverage under Pacific's Policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40.    Pacific repeats, reiterates and realleges each and every allegation set forth in its Second Affirmative Defense as if set forth at length herein.

41.    The Policy of insurance referred to and sued upon in the Complaint contains the following provisions under Exclusions, applicable to all relevant coverages claimed by plaintiffs:

> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.
>
> **Ground water.** We do not cover any loss caused by water or water borne material in the ground, or by its pressure, leakage, or seepage. But we do insure ensuing covered loss unless another exclusion applies.

42.    Upon information and belief, any damages claimed by plaintiffs were caused by water in the ground entering through the foundation of plaintiffs' home or through the ground underneath, or by its pressure, leakage, or seepage.

43.    Upon information and belief, any water which entered plaintiffs' residence and which caused any claimed damages was Ground water, within the meaning of the above quoted exclusion in Pacific's Policy,

44.    As a result, the damages claimed by plaintiffs in the Complaint and each and every cause of action asserted therein are barred, as plaintiffs' claim is excluded from coverage under Pacific's Policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Pacific repeats, reiterates and realleges each and every allegation set forth in its Second Affirmative Defense as if set forth at length herein.

46. The Policy referred to and sued upon in the Complaint contains the following provisions under Exclusions, applicable to all relevant coverages claimed by plaintiffs:

> The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.
>
> **Faulty planning, construction, or maintenance.** We do not cover any loss caused by the faulty acts, errors, or omissions of you or any other person in planning, construction, or maintenance. It does not matter whether the faulty acts, errors, or omissions take place on or off the insured property. But we do insure ensuing covered loss unless another exclusion applies. "Planning" includes zoning, placing, surveying, designing, compacting, setting specifications, developing property, and establishing building codes or construction standards. "Construction" includes materials, workmanship, and parts or equipment used for construction or repair.

47. Upon information and belief, any water which entered plaintiffs' residence entered as a result of faulty planning, construction, and/or maintenance, including, but not limited to, faulty planning, construction, and/or maintenance of the storm drain referred to in the Complaint.

48. As a result, the damages claimed by plaintiffs in the Complaint and each and every cause of action asserted therein are barred, as plaintiffs' claim is excluded

from coverage under Pacific's Policy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.     Without altering plaintiffs' burden of proof, Pacific avers that the Complaint fails to state facts, or any legally sufficient grounds, to allow for the imposition of treble damages as claimed by plaintiffs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.     Without altering plaintiffs' burden of proof, Pacific avers that at all relevant times, Pacific acted in good faith in its investigation and review of plaintiffs' claim, and Pacific therefore has no liability to plaintiffs for treble damages or attorneys' fees as demanded in the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.     The Policy referred to and sued upon in the Complaint contains the following provision:

> **Mold remediation expense limit**
> For a covered loss to your house, other permanent structure, or to contents if contents coverage is provided under this policy, we will not pay more than $20,000, plus any additional amount shown in the Coverage Summary for mold remediation expenses at this location for each occurrence for all increased costs that are mold remediation expenses described below. This mold remediation expense limit does not increase the amount of coverage for your house, other permanent structures, or contents.

52.     If it is determined, which is denied, that plaintiffs sustained damages for which coverage is provided by the Policy referred to and sued upon in the Complaint,

then in such event, any claim for damages relating to mold remediation or related expenses, is limited to $20,000 pursuant to the terms and conditions of such Policy.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

53.  Any recovery by plaintiffs against Pacific will be reduced by the applicable deductible amounts contained in the Policy referred to and sued upon in the Complaint, and otherwise limited by the terms, limitations, conditions and exclusions of such Policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54.  At the time of this Answer, defendant Pacific does not know which additional affirmative defenses, if any, may apply. Defendant Pacific reserves the right to amend this Answer to assert additional matters constituting an avoidance or affirmative defense which may be revealed through discovery or otherwise.

Wherefore, defendant, Pacific Indemnity Company demands judgment dismissing the Complaint together with the costs and disbursements of this action.

Dated:      New York, New York
            March 25, 2008

                                      ROSNER NOCERA & RAGONE, LLP
                                      Attorneys for Defendant Pacific Indemnity Company

                                      By: ___\S\John Nocera_____
                                            John A. Nocera (JN 3399)
                                            John P. Foudy (JPF 7322)
                                      110 Wall Street, 23rd Floor
                                      New York, New York 10005-3801
                                      (212) 635-2244
                                      jnocera@rnrlawgroup.com

To:  Louis S. Tassan, Esq.
     Baxter Smith Tassan & Shapiro, P.C.
     Attorneys for Plaintiffs
     99 North Broadway
     Hicksville, New York 11801
     (516) 997-7330

cs.bilotta.ans(2)
3/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH BILOTTA and ROSINA BILOTTA,

                Plaintiffs,          Civil Action No. 08 CIV 2939

      -against-

PACIFIC INDEMNITY COMPANY,

                Defendants.
-----------------------------------------------------------X

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                            ss:
COUNTY OF NEW YORK )

      I, CHRISTINE SWEENEY, being duly sworn, deposes and says:

deponent is not a party to the action, is over the age of 18 years and resides at Staten Island, New York:

      That on March 25, 2008 deponent served the within **ANSWER**:

           Upon:  Louis S. Tassan, Esq.
                    Baxter Smith Tassan & Shapiro P.C.
                    Attorneys for Plaintiffs
                    99 North Broadway
                    Hicksville, New York 11801

the addresses designated by said parties and/or attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                     _/s/ Christine Sweeney_
                                                                     CHRISTINE SWEENEY

Sworn before me this
25th day of March, 2008

_/s/ John P. Foudy_
Notary Public
JOHN P. FOUDY
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02FO5027891
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES MAY 23, 20 10