## ROSNER NOCERA & RAGONE, LLP

JOHN A. NOCERA*
RANDY G. ROSNER*
PETER A. RAGONE*

GERALD M. JACOBS*
ELIOT L. GREENBERG*
JOHN P. FOUDY
ANTHONY L. COTRONEO •
ELAINE LAU

ATTORNEYS AT LAW
110 WALL STREET
23RD FLOOR
NEW YORK, N.Y. 10005-3801

PHONE: 212-635-2244
FACSIMILE: 212-635-0533

NEW JERSEY OFFICE
4105 U.S. HIGHWAY 1
SUITE 16
MONMOUTH JUNCTION, N.J. 08852-2157
PHONE: 609-520-9060
FACSIMILE: 609-520-9407
EMAIL: INFO@RNRLAWGROUP.COM

* ADMITTED IN N.Y. AND N.J.
• ADMITTED IN N.Y., N.J. AND CT

July 28, 2008

**Via ECF**
Honorable Kenneth M. Karas, USDJ
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

Re: July 29, 2008, Initial Conference @ 11:45 AM
Bilotta v. Pacific Indemnity Company
08 Civ 2939 (KMK)

Dear Judge Karas:

The parties are submitting this joint letter prior to the July 29, 2008 initial conference. A Proposed Discovery Schedule is attached to this letter.

1. <u>A brief statement of the nature of the case and/or the principal defenses thereto</u>.

Plaintiffs' Complaint alleges that plaintiffs were insured by an insurance policy issued by defendant (the "Policy") and that plaintiffs are entitled to coverage as a result of water damage which occurred to their residential premises. Specifically, plaintiffs allege that an old underground sewer/water pipe owned by the Town/Village of Harrison burst, broke, cracked and otherwise failed causing large amounts of water to enter into their premises. As a result, water poured into the foundation of the house, causing damage to the interior structure of the house, as well as loss and damage to personal property located in the premises at the time.

Defendant asserts that the damage complained of by plaintiffs was caused by surface water accumulated during a rain storm, which discharged from a storm or sewer drain, which is excluded from coverage under the Policy.

Defendant further asserts that the Policy excludes coverage for loss caused by any seepage or leakage of ground water, and also excludes losses caused by faulty planning, construction or maintenance, which exclusions would apply if the water which caused plaintiffs' claimed loss was not deemed to be excluded under the Policy's "surface water" exclusion.

Defendant also asserts that any claimed loss attributable to mold is limited to $20,000 under a separate coverage limit contained in the Policy.

2. <u>A brief description of the discovery already completed.</u>

The parties have not exchanged discovery since the Rule 26 conference has not yet taken place. The parties submit the attached proposed discovery schedule.

3. <u>An identification of any discovery remaining which is necessary for the parties to engage in meaningful settlement negotiations.</u>

Plaintiff will request that the Defendant provide answers to interrogatories and document requests.

Defendant will request that plaintiff provide:

(a) plaintiffs' factual basis and contention as to the cause of the loss, with supporting facts and documents, and

(b) details and calculations concerning plaintiff's claimed damages, including invoices, repair bills, estimates, etc.

Defendant requests that plaintiff provide all engineering or consultant reports in plaintiffs' possession as to the cause of the loss and any correspondence regarding same, any correspondence with the Town of Harrison, as well as documents obtained from the Town or other sources pertaining to the storm/drainage/water system at issue.

In addition, defendant believes that discovery will be needed of non-party the Town of Harrison, concerning its construction, maintenance and investigation into the storm drain system located near plaintiff's residence.

4. <u>The estimated length of trial</u>: Three-four days if not resolved by summary judgment.

5. A description of any and all prior settlement discussions including the date and participants and whether any offer or demand was made (all responses are protected under Rule 408 Fed. R. evidence).

None to date.

6. Any other information that you believe may assist in advancing of the case to trial or settlement.

The parties intend to explore the possibility of eliminating discovery on non damage issues and submitting the case for an early decision based upon an agreed statement of facts. If coverage is found to exist, any remaining discovery would be limited to damages (or other unresolved issues) and a SDNY mediation referral might be appropriate.

In the alternative, defendant believes that the loss is excluded from coverage under the Policy and intends to move for summary judgment at the close of discovery.

Respectfully submitted,

BAXTER SMITH TASSAN & SHAPIRO P.C.

By: _____/s/_____
Louis Tassan
Margot Ludlam
Attorneys for Plaintiffs
99 North Broadway
Hicksville, NY 11801
(516) 997-7330

ROSNER NOCERA & RAGONE, LLP

By: _____/s/_____
John A. Nocera
John P. Foudy
Attorneys for Defendant
110 Wall Street, 23rd Floor
New York, NY 10005
(212) 635-2244

JAN/cs
Enclosures
cs/karas.ltr 7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH BILOTTA and ROSINA BILOTTA,           Civil Action No.
                                             08Civ.02939 (KMK)
                Plaintiffs,
    -against-                                **PROPOSED DISCOVERY
                                             SCHEDULE**
PACIFIC INDEMNITY COMPANY,

                Defendant- Petitioner.
-------------------------------------------------------------------X

The parties submit the following proposed discovery schedule for presently anticipated discovery to take place on or before the following dates:

**August 8, 2008** Parties to exchange any remaining voluntary discovery.

Parties to serve any remaining initial document requests or interrogatories allowed as per SDNY Local Rules.

To the extent plaintiffs have such information and documents, plaintiffs to provide a computation and breakdown separately for each item and component of plaintiffs' claimed damages, including specification of all general, special or other claimed damages, and will produce supporting bills and invoices in support of all damages claimed, with such discovery to be timely supplemented.

**August 22, 2008:** Parties to exchange (and periodically supplement) discovery including names and address of all eyewitnesses to the occurrence, and all other witnesses presently known or who are intended to be called as trial witnesses. The parties shall identify any witnesses who are claimed to have any alleged knowledge of the cause of the drain pipe break and produce all documents obtained from any engineer or similar consultant and from any public source as to the cause of the pipe break or the claimed resulting damage.

1

**September 19, 2008** Parties to decide whether to submit the case upon a statement of agreed facts for decision and if so, to enter into a briefing schedule, as to the issue of the presence or absence of insurance coverage and to submit same for decision by October 31, 2008, in the event coverage is found, further discovery will be limited to damages or other issues not resolved. In the event the court does not make a final ruling on the Policy coverage issue, the parties shall enter into a revised discovery schedule.

**September 30, 2008** Parties to answer interrogatories and produce documents.

**September 30, 2008**: Parties to serve any remaining requests for documents other than those voluntarily produced, or those revealed by depositions or subsequent discovery proceedings.

**November 17, 2008**: Plantiff's expert reports to be provided with plaintiffs' expert disclosure.

**November 31, 2008** (Or within twenty (20) days after defendant's receipt of interrogatory responses and documents) plaintiffs depositions to be conducted.

**December 21, 2008**: Deposition of defendant to be conducted.

**December 28, 2008**: Defendant's expert disclosure and expert report to be provided.

**January 19, 2008**: All non-party witnesses to be deposed.

**February 30, 2009**: Dispositive motions to be filed.

**Prior to Trial**: Expert depositions to be conducted.

toni/files/billotadiscovery (word)